ALBERT G. TOWERS, H. CLAY TIMANUS AND
PHILIP D. LAIRD, CONSTITUTING THE PUBLIC
SERVICE COMMISSION OF MARYLAND,

*vs.*

THE KENSINGTON RAILWAY COMPANY OF
MONTGOMERY COUNTY, MARYLAND.

*Public Service Commission: effect of order; must be obeyed*
*until reversed.*

When the Public Service Commission passes a final order
in a controversy pending before it, the order must be obeyed
by the corporation against which it is passed, until set aside,
or its enforcement enjoined by some Court of competent juris-
diction pursuant to the revisory procedure prescribed by sections
43, 44 and 45 of the Public Service Commission Act (Code,
Art. 23, secs. 457, 458 and 459).                    p. 654

The duty of obedience in the interim is imposed by the im-
perative and mandatory provisions of the law itself.     p. 654

*Decided December 13th, 1917.*

Appeal from the Circuit Court for Montgomery County.
In Equity. (PETER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON-
STABLE, JJ.

*W. Cabell Bruce* (with whom was *Robert B. Peter* on the
brief), for the appellant.

*Charles W. Prettyman* and *Edward F. Colloday* (with
whom was *Charles C. Wallace* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

This is an appeal by the Public Service Commission of Maryland,—hereinafter designated in this opinion as the Commission,—from an order of the Circuit Court for Montgomery County refusing to grant a preliminary injunction as prayed for in a bill filed in that Court by the Commission against the Kensington Railroad Company of Montgomery County, Maryland, a corporation, which will be referred to hereafter in this opinion as the railroad.

The railroad is a public service corporation, and owns and operates an electric railway from Chevy Chase Lake, in Montgomery County, to the town of Kensington, in said county. It is subject to the jurisdiction of the Commission. In January, 1917, it filed with the Commission and advertised in accordance with law a new schedule of rates to take effect March 1, 1917, to be known as P. S. C. No. 3, and to cancel a former schedule of the company known as P. S. C. No. 2 filed May 24, 1915. Objections were filed with the Commission to the new schedule by citizens of Montgomery County, and, after full investigation and hearing before the Commission, that body on May 5, 1917, passed an order, which, among other things, provided:

"3. That the said Kensington Railway Company of Montgomery County shall not later than the first day of June, in the year nineteen hundred and seventeen, file with the Public Service Commission of Maryland a schedule of rates and fares on and over its line of railway as described in section 2 of this order, which shall embrace the several rates and fares mentioned and set forth in its schedule P. S. C. Md. No. 2, filed with the Commission on the 24th day of May, in the year nineteen hundred and fifteen, as modified by Order No. 2423 of this Commission passed on the 9th day of July, in the year nineteen hundred and fifteen, in Case No. 954, which said schedule hereby ordered shall be designated P. S. C. Md. No. 4, cancelling P. S. C. No. 3, and shall be effective from and after the first day of July, nineteen hundred and

seventeen—which said rates and fares shall be and remain in force for the period of one year from and after the said first day of July, nineteen hundred and seventeen, and until the further order of this Commission in the premises.

"4. That the said Kensington Railway Company of Montgomery County shall, within fifteen days from the receipt of a copy of this order, notify the Commission whether or not it will accept and abide by the same."

This order was duly served upon the railroad, which notified the Commission that it did not propose to obey the order, but would appeal to the Court to rescind or revoke it. Thereafter it filed a bill in the Circuit Court No. 2 of Baltimore City praying that the Commission be enjoined from taking any action to enforce its order, that the order might be revoked, and for general relief. The Commission demurred to the bill, but, before hearing was had on the demurrer, the railroad by leave of Court filed an amended bill to which the Commission demurred, except as to one paragraph which related to the inadequacy of rates, which it denied.

The amended bill, filed July 16, 1917, charged, upon the facts alleged therein, that the Public Service Commission was without authority or power to pass the order of May 5, 1917, and that the same was an arbitrary assumption of authority, and was unlawful, unjust and unreasonable, and that its enforcement would have the effect of depriving the railroad of its property without due process of law. The relief prayed for was:

"1. That the order of the Public Service Commission of Maryland, dated May 5th, 1917, may be by this Honorable Court declared void.

"2. That this Honorable Court may enjoin the said defendants constituting the Public Service Commission of Maryland from attempting to enforce said order.

"3. That this Honorabe Court may grant unto these complainants a preliminary injunction, enjoining and restraining the said defendants, constituting the Public Service Commission of Maryland, from attempting to enforce said order, until the hearing of this cause."

The record does not show that the demurrer to the amended bill has ever been heard, or that any action has been taken by the lower Court upon the bill.

The railroad company did not file with the Commission the schedule of rates and fares prescribed by the order of May 5, 1917, and, in defiance of said order, it has since the first day of July, 1917, been charging to and collecting from, and is now charging to and collecting from the patrons of its line the fares and charges fixed by its schedule P. S. C. No. 3, exactly as if the order of May 5, 1917, had never been passed.

The bill in this case sets out the facts as above stated, and other allegations were made which need not be adverted to, and prayed: *First,* that the defendant, the Kensington Railway Company of Montgomery County, Maryland, its officers, agents, employees and servants may be peremptorily restrained and enjoined by this honorable Court, by a preliminary injunction, from charging to, or collecting from, the patrons of its line of railway, extending from Chevy Chase Lake, in Montgomery County, in the State of Maryland, to its other terminus opposite Hopkins' Store, in the town of Kensington, in said county and State, the rates, fares and charges set forth in said schedule P. S. C. Md. No. 3; or any rates, fares and charges except those set forth in the schedule to be designated P. S. C. Md. No. 4, which was prescribed by the order of the Public Service Commission of Maryland, that is to say, Order No. 3632, passed on the 5th day of May, 1917, in a case depending before the said Commission, that is to say, case No. 1290, wherein A. N. Dobson and others were complainants and the Kensington Railway Company of Montgomery County, Maryland, were

the respondents; *secondly,* that the said injunction may, in due course, become, and be made, final and perpetual; *thirdly,* and that your orators may have such other and further relief as their case may require.

The question which is presented by the appeal is a narrow but an important one in connection with the administration of the Public Service Commission law, and its determination depends upon the construction of certain provisions of the Act creating the Commission,—the Act of 1910, Chapter 180. Section 43 of that Act is as follows:

> "That any corporation subject to this Act, or any of the provisions of this Act, and any person in interest being dissatisfied with any order of the Commission, fixing any rate or rates, tolls, charges, schedules, joint rate or rates, or any order fixing any regulations, practices, acts or service, may commence any action in the Circuit Court for any county, or before any judge of the Supreme Bench of Baltimore City, in any Court of Baltimore City of appropriate jurisdiction which may be adopted for the purpose, against the Commission as defendant to vacate and set aside any such order on the ground that the rate or rates, tolls, charges, schedules, joint rate or rates, fixed in such order is unlawful, or that any such regulation, practice, act or service fixed in such order is unreasonable, in which action a copy of the complaint shall be served with the summons. * * * No injunction shall issue suspending or staying any order of the Commission, except upon application to one of the judges of the Supreme Bench of Baltimore City, or to the Circuit Court of one of the counties, and upon notice to the Commission and after hearing."

JUDGE THOMAS, in *Public Service Commission v. N. C. Ry. Co.,* 122 Md. 355, referring to an application under this section, said: "Upon an application to the Court for an injunction restraining the execution of an order of the Commission, the Court has no authority to determine what would

be a reasonable rate for the service required, or to establish rates, but its power is limited to the determination of the question whether the rates fixed by the Commission are unreasonable or unlawful, and until it is made to appear by clear and satisfactory evidence that the action of the Commission is unreasonable or unlawful, the Court is without power to impose any restrictions upon the execution of the Commission's order."

The law has, therefore, provided a method by which the validity of the order passed in this case might be considered and determined, and the rights of the corporation or person feeling aggrieved thereby judicially considered and protected. The railroad availed itself of this provision, and asked a Court of competent jurisdiction to declare the order void, and to enjoin its *enforcement.* That cause, so far as the record shows, has not been prosecuted to final hearing, and no order has been passed with respect to the relief prayed. The railroad is confessedly violating the order of the Commission, and the question is whether it shall be permitted to do so. Has the Public Service Commission law granted power to the courts to restrain by preliminary injunction the violation by a public service corporation an order of the Commission,—committed and continued as shown in this case,—and is it the duty of a Court of Equity, having jurisdiction, to grant such an injunction when the facts are properly presented to it upon the application of the Commission? We are of opinion that these questions must be answered in the affirmative. It was the intention of the Legislature that an order of the Commission should be respected and obeyed by the party against whom it was passed, and that it should remain in full force and vigor, until it should be revoked or restrained in the mode and manner provided by sections 43, 44 and 45 of the Act. The duty of obedience is imposed by the imperative and mandatory provisions of the Act, which it is the duty of the Court to enforce. Any other construction would weaken the powers and efficient control which it was the design of the Act to confer upon the Commission.

and would introduce great disorder and confusion into the administration of the law. This appears to be manifest by a consideration of certain provisions of the Act. Section 28 provides that:

> "Every common carrier, railroad corporation, street railroad corporation and other corporation subject to the provisions of this Act, and all officers and agents of any common carrier, railroad corporation and street railroad corporation, and of any other corporation subject to the povisions of this Act, shall obey, observe and comply with every order made by the Commission, under authority of this Act, so long as the same shall be and remain in force. Any common carrier, railroad corporation or street railroad corporation, which shall violate any provision of this Act, or which fails, omits or neglects to obey, observe or comply with any order, or any direction or requirement of the Commission, shall forfeit to the State of Maryland a sum not to exceed the sum of five thousand dollars for each and every offense; every violation of any such order or direction or requirement, or of this Act, shall be a separate and distinct offense, and, in case of a continuing violation, every day's continuance thereof shall be and be deemed to be a separate and distinct offense.

> "Every person, officer and agent of any such common carrier, railroad corporation or street railroad corpoation who shall violate, or who procures, aids or abets any violation by any such common carrier or corporation of any provision of this Act, or who shall fail to obey, observe and comply with any order of the Commission, or any provision of an order of the Commission, or who procures, aids or abets any such common carrier in its failure to obey, observe and comply with any such order or provision, shall be guilty of a misdemeanor."

Whenever the Commission shall be of the opinion that a common carrier, railroad corporation or street railroad corporation, or other corporation, subject to its supervision, is

failing or omitting, or about to fail or omit to do anything required of it by law, or by order of the Commission, or is doing anything, or about to do anything, or permitting anything or about to permit anything to be done, contrary to or in violation of law or of any order of this Commission, it shall direct the general counsel to the Commission to commence an action or proceeding before one of the judges of the Supreme Bench of Baltimore City or in the Circuit Court of the county in which such corporation has its principal place of business, or carries on its business, in the name of the Commission, for the purpose of having such violations or threatened violations stopped and prevented, either by mandamus or injunction. Counsel to the Commission shall thereupon begin such action or proceeding by a petition to and in any of the said courts, as the case may require, alleging the violation or threatened violation complained of, and praying for appropriate relief by way of mandamus or injunction. It shall thereupon be the duty of the Court to specify the time, not exceeding twenty days after service of the petition, within which the common carrier, railroad corporation or street railroad corporation complained of must answer the petition. In case of default in answer, or after answer, the Court shall immediately inquire into the facts and circumstances in such manner as the Court may direct, without other or formal pleadings, and without respect to any technical requirement. Such other persons or corporations as the Court shall deem necessary or proper to join as parties in order to make its order, judgment or writs effective, may be joined as parties upon application of counsel to the Commission. The final judgment in any such action or proceeding shall either dismiss the action or proceedings or direct that a writ of mandamus or an injunction issue, as prayed for in the petition, or in such modified or other forms as the Court may determine will afford the appropriate relief.

Any corporation other than a common carrier which shall violate any provision of this Act, or shall fail to obey, observe and comply with every order made by the Commission

under authority of this Act, so long as the same shall be and remain in force, shall forfeit to the State of Maryland a sum not exceeding one thousand dollars for each and every offense; every such violation shall be a separate and distinct offense, and the penalty or forfeiture thereof shall be recovered in an action as provided in this section of this Act.

It is to be observed that there is a broad distinction between the object and purpose of the proceeding under section 43, and that under section 28. The one seeks to *set aside* the order of the Commission and to *restrain* its enforcement, and the other to *stop* and *prevent* the violation or threatened violation of the order. They are independent equity proceedings designed for the accomplishment of different objects. We agree with the observation of the learned Judge, who heard this case in the Court below, that it would be too narrow a construction of the statute to hold that the express mention of injunction contained in section 28 means a final injunction and excludes the power of the Court to issue a preliminary injunction.

In view of the provisions of the statute to which we have referred and the positive duty which is imposed upon the railroad in respect to the order, we are of opinion that the Court committed an error in applying the principles which govern in ordinary applications for injunctions to this case. A preliminary injunction should have issued as prayed, and the order maintained in force until its validity was determined in the proceeding instituted by the railroad in which its rights could have been determined and protected with reasonable dispatch. The order appealed from will be reversed and the cause remanded with directions to issue the preliminary injunction as prayed for in the bill.

> *Order reversed and cause remanded, with direction to issue the preliminary injunction as prayed, the appellee to pay the costs.*