CHARLES G. BALDWIN et al. *v.* PUBLIC
SERVICE COMMISSION et al.

[No. 63, October Term, 1930.]

*Decided January 14th, 1931.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Charles G. Baldwin* and *Murray MacNabb,* for the appellants.

*William Cabell Bruce,* with whom was *John Henry Lewin* on the brief, for the Public Service Commission, appellee.

*R. Dorsey Watkins,* with whom were *R. A. Van Orsdell, T. Baxter Milne, and Piper, Carey & Hall* on the brief, for the Chesapeake & Potomac Telephone Company, appellee.

URNER, J., delivered the opinion of the Court.

The bill of complaint in this case was filed, under section 404 of article 23 of the Code, for the purpose of obtaining a judicial review of an order of the Public Service Commission passed in a proceeding instituted by persons seeking redress for irregularities, prejudicial to their interests, in service due them from the Chesapeake & Potomac Telephone Company. Demurrers to the bill were filed by the commission, and by the telephone company, which was joined as a defendant. The appeal is from a decree sustaining the demurrers and dismissing the bill.

The material portions of the Code provision referred to are as follows:

"Any corporation subject to this sub-title, or any of the provisions of this sub-title, and any person in interest being dissatisfied with any order of the commission, fixing any rate or rates, tolls, charges, schedules, joint rate or rates, or any order fixing any regulations, practices, acts or service, may commence any action in the circuit court for any county, or before any judge of the Supreme Bench of Baltimore City, in any court of Baltimore City of appropriate jurisdiction which may be adopted for the purpose, against the commission as defendant to vacate and set aside any such order on the ground that the rate or rates, tolls, charges, schedules, joint rate or rates, fixed in such order is unlawful, or that any such regulation, practice, act or service fixed in such order is unreasonable, in which action a copy of the complaint shall be served with the summons.

"The answer of the commission to the complaint shall be served and filed within twenty days after service of the complaint, whereupon said action shall be at issue and stand ready for trial upon fifteen days' notice to either party.

"All such actions shall have precedence over any civil cause of a different nature pending in such court, and the said courts shall always be deemed open for the trial thereof, and the same shall be tried and determined as other civil actions."

The first question presented by the record is whether defense by demurrer is permissible under the terms of the statute quoted. It is contended that an answer is the only available mode of interposing a defense in such a proceeding.

The statute does not in terms limit the commission to the use of an answer for the statement of its grounds of defense to a suit by which its order is challenged. The requirement that the answer shall be filed within twenty days after service of the bill of complaint is a procedural regulation in the interest of an early trial. The mere omission of the statute to mention demurrers should not be construed as an intention to exclude that customary and convenient method of testing the legal or equitable sufficiency of the grounds upon which the suit is based. This view is supported by the concluding provision of section 404, that such suits "shall be tried and determined as other civil actions," and by the declaration in section 409 of the same article, that in proceedings like the present, "all processes shall be served and the practice and rules of evidence shall be the same as in civil actions, except as otherwise herein provided." There is no statutory exception which affects the right of demurrer here in dispute. It has been exercised without question in similar proceedings which have reached this court on appeal. *Gregg v. Pub. Serv. Commn.*, 121 Md. 1, 27, 87 A. 1111; *Yeatman v. Pub. Serv. Commn.*, 126 Md. 513, 515, 95 A. 158; *Public Serv. Commn. v. Kensington R. Co.*, 131 Md. 649, 651, 102 A. 1011; *Chenoweth v. Pub. Serv. Commn.*, 143 Md. 622, 623, 123 A. 77. The contention that the defendants could not demur to the bill must be overruled.

It is alleged in the bill of complaint that the plaintiffs filed a joint petition with the Public Service Commission describing certain errors in the fall issue of 1927 and the summer issue of 1928 of the telephone directory of the Chesapeake & Potomac Telephone Company, by which the plain-

tiffs had respectively been inconvenienced and injured, and praying that the commission require the telephone company to adopt a number of regulations proposed by the petition as tending to prevent such mistakes and their consequences in the future, and to avoid improper charges and discriminations. The rules thus submitted were as follows:

"That the Telephone Company will acknowledge in writing all written and verbal communications respecting changes in the telephone directory within forty-eight hours after receipt of the same, setting forth what changes they propose to make in compliance with the said notification, and will also furnish a copy of said letter to the subscriber if he is not the party requesting the change, and will keep a copy of said letter on file in the office of the Telephone Company for a period of one year.

"That every person, firm or corporation whose name appears in the telephone directory who desires a change may file a request in writing with the Telephone Co. and a duplicate with the Public Service Commission, and if this is done and disregarded by the Telephone Co., the wrongful intention of the Telephone Co. shall be conclusively presumed and it shall be required to make an immediate correction by publication in the daily newspapers and inserting with the next month's telephone bills a notification of the correction, and shall correct the same in the next subsequent issue of the telephone directory, and shall be liable for any loss, reparation, or compensation resulting from the wrongful disregard of the request.

"That within forty-eight hours after the discovery of an error in the telephone directory, a regular notice of such error shall be given to the subscriber, and to the person, firm or corporation erroneously listed.

"That the Telephone Company file a dummy telephone directory with the Commission three months before each of its various local directories is issued, showing as nearly as possible the space to be used for advertisement and the rates which it proposes to charge for

each of said spaces, setting forth that the said rates shall be uniform to all subscribers, and totaling the income expected from such advertisement, and showing the actual income received from the previous directory, and accounting for any discrepancies between the amount received and the amount charged on the dummy, this to include all heavy type and other special markings for which a charge is made, which rate shall then be binding on the Telephone Company and the subscribers, unless objections thereto are made within ten days after the filing of the dummy as aforesaid. In case objections are made they shall be heard and determined by the Telephone Company, and no changes made shall affect advertisements previously contracted, provided the contracts cover only the current directory.

"That all rules and regulations concerning the telephone directory be published in each of said directories, and that each of said directories shall give notice when the subsequent directory will be closed for changes.

"That every rebate, adjustment, compensation, reparation and payment of damages allowed to subscribers or advertisers shall be approved by the Public Service Commission after a hearing before the Commission if requested, or by court of competent jurisdiction."

It was requested by the petition that, if the proposed regulations were adopted, they be made retroactive so as to give the petitioners the benefit of them with respect to their grievances. The telephone company, in answering the petition, admitted fault only to the extent of accidental error in the directory, and denied that there had been any unfair discrimination against the petitioners. After a hearing on the petition, answer, and testimony, the commission passed an order by which the telephone company "was directed and required to include in future editions of its telephone directory covering Baltimore City and vicinity information as to the free listings allowed in the classified section of the said directory and the charges made by the respondent for additional listings in that section, all in accordance with the established

practice of the" company, "as shown in its tariff schedules filed with the" commission. In regard to its other proposals, the petition was dismissed.

The specific relief sought by the pending bill is that the order of the Public Service Commission be so amended as to require the telephone company to file with the commission "rules and regulations providing protection to all of the subscribers to the telephone service, as set forth in" the petition. There was also a prayer in the bill for general relief.

The statutory right of judicial review of orders of the Public Service Commission, as conferred by section 404 of article 23 of the Code, may be exercised on the ground that rates, tolls, charges, or schedules fixed by its order are unlawful, or that any regulation, practice, act, or service so prescribed is unreasonable. By section 408 it is provided: "In all trials, actions and proceedings arising under the provisions of this sub-title, or growing out of the exercise of the authority and powers granted herein to the commission, the burden of proof shall be upon the party adverse to such commission, or seeking to set aside any determination, requirement, direction or order of said commission, to show by clear and satisfactory evidence that the determination, requirement, direction or order of the commission complained of is unreasonable or unlawful, as the case may be."

The limitations thus imposed by statute upon the reviewability of conclusions of the Public Service Commission have been emphasized in a series of decisions by this court. *Public Serv. Commn. v. Northern Central Ry. Co.*, 122 Md. 355, 90 A. 105; *Pub. Serv. Commn. v. Kensington R. Co.*, 131 Md. 649, 102 A. 1011; *Havre de Grace Bridge Co. v. Pub. Serv. Commn.*, 132 Md. 16, 103 A. 319; *Chenoweth v. Pub. Serv. Commn.*, 143 Md. 622, 123 A. 77; *Pub. Serv. Commn. v. Byron*, 153 Md. 464, 138 A. 404; *Pub. Serv. Commn. v. United Rys. Co.*, 155 Md. 572, 142 A. 870. The question, therefore, to be determined, upon demurrer to the bill of complaint, is whether its allegations show that the order to which it refers was unreasonable or unlawful. It is said in the bill to be invalid on both of those grounds.

The complaint against the order is not because of any regulation which it affirmatively prescribes, but because of its refusal to adopt rules and regulations which the appellants propose. Assuming, for the purpose of the question, that such a declination was within the purview of the statute authorizing the court review of any order fixing "any regulation, practice, act or service" we are unable to characterize as unlawful or unreasonable the rejection by the commission of the particular rules formulated in the bill of complaint. It was the right and duty of the commission to decide whether the suggested regulations were necessary for the proper control of the public utility, and for the protection of individual and community interests in its service. A perusal of the rules urged by the appellants suggests at once the inquiry whether they may not involve an unduly detailed regulation of the telephone company's business and an inexpedient definition of its responsibility. It could certainly not be held that there was no adequate basis for the commission's determination of that question. Its adverse conclusion could be reached in the exercise of a rational judgment and within the scope of its lawful authority. There is consequently no ground upon which its decision may or should be judicially disturbed.

*Decree affirmed, with costs.*